STATE of Wisconsin EX REL. Maurice Fort GREER,
Petitioner-Appellant,

v.

Lawrence STAHOWIAK and Kevin Potter,
Respondents-Respondents.

Court of Appeals

*No. 2004AP1755. Submitted on briefs August 10, 2005.
—Decided September 28, 2005.*

2005 WI App 219

(Also reported in 706 N.W.2d 161.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Maurice Fort Greer*, pro se.

On behalf of the respondents-respondents, the cause was submitted on the brief of *Maura FJ Whelan*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Snyder, P.J., Nettesheim and Anderson, JJ.

¶ 1. SNYDER, P.J.   Maurice Fort Greer appeals from an order dismissing his petition for a writ of mandamus. His petition sought reversal of a Department of Corrections (DOC) decision denying him access to certain documents he had requested under Wɪs. Sᴛᴀᴛ. § 19.35 (2003–04),[1] the public records law. He contends that the circuit court erred in concluding that his petition presented no evidence that the DOC acted in an arbitrary or capricious manner, or in any way contrary to state law or to the Wisconsin or United States Constitutions. We disagree with Greer's contention that the DOC's action was contrary to law, and we affirm the order of the circuit court.

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

## BACKGROUND

¶ 2.   Greer is a Wisconsin prisoner housed at the Wisconsin Secure Program Facility. It appears from the record that prior to August 4, 2000, Greer was at the Oshkosh Correctional Institution where he was involved in a disciplinary matter. That incident became the subject of litigation against the DOC. On March 8, 2004, Greer sent a public records request to Lawrence Stahowiak at the Oshkosh Correctional Institution and requested six records relating to the conduct report filed in the disciplinary matter.

¶ 3.   The record contains no response from Stahowiak regarding Greer's request. Greer filed an appeal with the DOC, alleging that Stahowiak failed to provide access to or copies of the requested documents within the statutory time limit. Kevin Potter, the DOC Records Custodian, reversed Stahowiak and indicated that some of the records requested by Greer would be released. Potter further determined that some of the documents would not be released because they constituted contraband under Wis. Admin. Code § DOC 303.10, 303.20 or 303.47 (Jan. 2001).

¶ 4.   On June 16, 2004, Greer filed a writ of mandamus in Winnebago County Circuit Court, alleging that the DOC, by Potter, had "failed to provide [Greer] with sufficiently stated or specific reasons for denying the entirety of [Greer's] request." Greer further alleged that the DOC had a positive and plain duty to produce the requested documents and the failure to do so caused continuing substantial damage to him by depriving him of public information he is entitled to obtain. Finally, Greer alleged that the writ of mandamus was the only adequate legal remedy available to him.

¶ 5.  The circuit court ordered Greer's petition dismissed on grounds that Greer had failed to state a claim upon which relief may be granted. Specifically, the court determined that Greer made conclusory allegations unsupported by any evidence that the DOC improperly responded to the public records request. Greer appeals.

## DISCUSSION

¶ 6.  Mandamus is an extraordinary writ that may be used to compel a public officer to perform a duty that he or she is legally bound to perform. *See Karow v. Milwaukee County Civil Serv. Comm'n*, 82 Wis. 2d 565, 568 n.2, 263 N.W.2d 214 (1978). In order for a writ of mandamus to be issued, there must be a clear legal right, a positive and plain duty, substantial damages, and no other adequate remedy at law. *Pasko v. City of Milwaukee*, 2002 WI 33, ¶ 24, 252 Wis. 2d 1, 643 N.W.2d 72.

¶ 7.  Mandamus is the proper means to challenge a governmental agency's failure to comply with the requirements of Wisconsin's open records law. *See ECO, Inc. v. City of Elkhorn*, 2002 WI App 302, ¶ 1, 259 Wis. 2d 276, 655 N.W.2d 510. Where a circuit court, determining a petition for writ of mandamus, has interpreted Wisconsin's open records law and has applied that law to undisputed facts, we review the circuit court's decision de novo. *State ex rel. Milwaukee Police Ass'n v. Jones*, 2000 WI App 146, ¶ 11, 237 Wis. 2d 840, 615 N.W.2d 190. In doing so, we take direction from the legislature's declaration of policy:

> In recognition of the fact that a representative government is dependent upon an informed electorate, it is

declared to be the public policy of this state that all persons are entitled to the greatest possible information regarding the affairs of government and the official acts of those officers and employees who represent them. Further, providing persons with such information is declared to be an essential function of a representative government and an integral part of the routine duties of officers and employees whose responsibility it is to provide such information. To that end, ss. 19.32 to 19.37 shall be construed in every instance with a presumption of complete public access, consistent with the conduct of governmental business. The denial of public access generally is contrary to the public interest, and only in an exceptional case may access be denied.

WIS. STAT. § 19.31.

■

¶ 8.   Public policy and public interest favor the public's right to inspect public records. *Hathaway v. Joint Sch. Dist. No. 1, City of Green Bay*, 116 Wis. 2d 388, 392, 342 N.W.2d 682 (1984). "[A]ny requester has a right to inspect any record" under Wisconsin's public records law. WIS. STAT. § 19.35(1)(a). As the State points out, however, a "requester" is generally not an incarcerated person "unless the person requests inspection or copies of a record that contains specific references to that person" and the requested record "is otherwise accessible to the person by law." WIS. STAT. § 19.32(3). Here, the record does not reveal whether the requested documents contained "specific references" to Greer. Nonetheless, the six records were related to a disciplinary proceeding against him, and we accept, for purposes of this appeal, that they contained such references. The remaining question, then, is whether the records were otherwise accessible to Greer by law.

801

¶ 9. Greer submitted his public records request "pursuant to ss. 19.34(2)(b)," which addresses procedural standards for public officials and agencies. Because Greer is incarcerated, he is limited to requests for records with "specific references" to him. WIS. STAT. § 19.32(3). For that reason, we analyze his request under WIS. STAT. § 19.35(1)(am).

■

¶ 10. Our supreme court observed that WIS. STAT. § 19.35(1)(am) provides "a more potent right of access when it applies." *Hempel v. City of Baraboo*, 2005 WI 120, ¶ 32, 284 Wis. 2d 162, 699 N.W.2d 551 (comparing requests made under § 19.35(1)(a) with those under (1)(am)). When a request is made under 19.35(1)(am), the right to inspect the record "is more unqualified" than the right that attaches to a more general record request under 19.35(1)(a). *Hempel*, 699 N.W.2d 551, 34. Our supreme court has stated that "[w]hen a person makes an open records request for records containing personally identifiable information under WIS. STAT. § 19.35(1)(am), the person is entitled to inspect the records unless the surrounding factual circumstances reasonably fall within one or more of the statutory exceptions to (am)." *Hempel*, 699 N.W.2d 551, 27. Access to public records containing the requester's personally identifiable information is not limited by common law exceptions and is not subject to a balancing test. *Id.*, 34. "Paragraph (am) recognizes only statutory exceptions." *Hempel*, 699 N.W.2d 551, 34.

¶ 11. With these principles in mind, we turn to Greer's allegations of error. He contends that the DOC's partial denial of his request was arbitrary and capricious. He challenges the DOC's determination that "public policy reasons for withholding these documents outweigh your interests in obtaining them." We agree

with Greer that this reason, standing alone, is not the appropriate test to apply to a WIS. STAT. § 19.35(1)(am) request. In *Hempel,* our supreme court explained that requests under paragraph (am) "are not subject to any balancing test; the legislature has done the balancing by enacting statutory exceptions to the disclosure requirements." *Hempel,* 699 N.W.2d 551, 27.

■

¶ 12.  Nonetheless, the DOC properly turned to the statutory provisions and administrative rules to determine which of Greer's requested documents should be provided. Access to public records containing personally identifiable information is not available if disclosure would:

> a. Endanger an individual's life or safety.

> b. Identify a confidential informant.

> c. Endanger the security, including the security of the population or staff, of any state prison . . . .

> d. Compromise the rehabilitation of a person in the custody of the department of corrections . . . .

WIS. STAT. § 19.35(1)(am)2. The DOC specifically referenced the statute and the administrative rules set forth in WIS. ADMIN. CODE §§ DOC 303.10, 303.20, and 303.47 (Jan. 2001), to determine whether the requested documents would endanger the prison population or staff or would compromise Greer's rehabilitation. The DOC stated:

> You will not be provided the letter in item #1, the altered letter which is part of #4, or #5 (2 letters from Jeff Fort to Maurice Greer) and #6 (a copy of the constitution of the Almighty Black P. Stone Ranger Nation), referenced in the conduct report. All of these

items constitute contraband under DOC 303.10 or 303.47 and accordingly, you may not possess them. Specifically, the altered letter listed in item #1, would fall within the definition of contraband under DOC 303.10(1)(e). Item #5, #6, and the letters from Fort to Greer which are part of #4 contain, constitute or reference gang related literature contrary to DOC 303.20, and accordingly are also considered contraband which cannot be provided to you. Providing you this information would also be contrary to Sec. 19.35(1)(am)2a., c., and d., Stats.

The DOC has formulated administrative rules to insure the proper functioning and operation of its secured facilities, the safety of the people housed and working there, and the rehabilitation of the inmates. Allowing you to obtain and possess contraband including altered documents and gang related materials would not only violate these code provisions, but would also undermine the security of the institution, and place the other inmates and staff at risk.

¶ 13. We conclude that the DOC's response was appropriate. The right to inspect or copy materials does not apply to records that would "[e]ndanger the security of the population or staff" of a state prison, or that would "[c]ompromise the rehabilitation of a person in the custody of the department of corrections." WIS. STAT. § 19.35(1)(am)2.c. and d. We find no error in the DOC's analysis.

¶ 14. Greer also submits that his petition should not have been dismissed for failure to state a claim. When a matter comes to us from an order for dismissal for failure to state a claim, we accept the facts alleged in the petition as true for purposes of our review. *Bammert v. Don's Super Valu, Inc.*, 2002 WI 85, ¶ 5, 254 Wis. 2d 347, 646 N.W.2d 365. Whether dismissal was appropri-

ate is a question of law that we review de novo. *Id.*, ¶ 8. We will affirm the dismissal order only if it is clear that no relief can be granted under any set of facts that the plaintiff could prove in support of the allegations. *See Morgan v. Pennsylvania Gen. Ins. Co.*, 87 Wis. 2d 723, 731, 275 N.W.2d 660 (1979).

¶ 15. In order for a writ of mandamus to be issued, there must be a clear legal right, a positive and plain duty, substantial damages, and no other adequate remedy at law. *Pasko*, 252 Wis. 2d 1, ¶ 24. We conclude that WIS. STAT. § 19.35(1)(am) does not provide Greer with a clear legal right to the requested documents. Rather, it provides Greer with a legal right to documents that do not fall within the exceptions enumerated in § 19.35(1)(am)2. Greer has not presented any factual basis or legal theory upon which this court could conclude that his request survives scrutiny under § 19.35(1)(am)2.

## CONCLUSION

¶ 16. The DOC properly responded to Greer's request for public records by determining which documents must be disclosed and which are subject to the statutory exceptions provided in WIS. STAT. § 19.35(1)(am)2. Furthermore, no relief is available under the facts or legal theories advanced by Greer. Therefore, the circuit court properly dismissed the petition for a writ of mandamus for failure to state a claim upon which relief may be granted.

*By the Court.*—Order affirmed.