COURT OF APPEALS
DECISION
DATED AND FILED

June 15, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2022AP250**

**STATE OF WISCONSIN**

Cir. Ct. No. 2021CV229

**IN COURT OF APPEALS
DISTRICT IV**

---

STATE OF WISCONSIN EX REL. DANIEL Z. MALDONADO,

    PETITIONER-APPELLANT,

V.

WISCONSIN DEPARTMENT OF CORRECTIONS,

    RESPONDENT-RESPONDENT.

---

APPEAL from an order of the circuit court for Sauk County: WENDY J.N. KLICKO, Judge. *Affirmed in part; reversed in part and cause remanded with directions.*

Before Blanchard, P.J., Fitzpatrick, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1	PER CURIAM.	Daniel Maldonado appeals the circuit court's order that denied his petition for a writ of mandamus against the Wisconsin Department of Corrections. He argues that the Department is unlawfully requiring him to register as a sex offender for his lifetime based on his two convictions in Sauk County Circuit Court case No. 2002CF186. Applying our supreme court's recent decision in *State v. Rector*, 2023 WI 41, __ Wis. 2d __, 990 N.W.2d 213, we conclude that the Department may not require Maldonado to register for his lifetime based on that Sauk County case, and that the Department would be violating a clear and unequivocal duty by continuing to do so.

¶2	To the extent that Maldonado raises other arguments, we reject them or decline to address them for reasons stated below. We reverse the circuit court's order only insofar as the order permitted the Department to continue requiring Maldonado to register as a sex offender for his lifetime based on Sauk County Circuit Court case No. 2002CF186. The order is otherwise affirmed. We remand for the court to enter an order providing that the Department may not require Maldonado to register for his lifetime based on the Sauk County case.[1]

## BACKGROUND

¶3	In September 2002, Maldonado was convicted in Sauk County Circuit Court case No. 2002CF186 for two counts of causing a child to view sexual activity. The court required him to register as a sex offender.

---

[1] On April 21, 2023, Maldonado filed a new affidavit in this court. We do not consider the affidavit because it is not part of the record. *See State v. Flynn*, 190 Wis. 2d 31, 46 n.4, 527 N.W.2d 343 (Ct. App. 1994) (declining to consider a party affidavit attached to a brief and explaining that, "[a]s an appellate court, we are limited to the record as it comes to us from the trial court").

¶4      In June 2021, Maldonado filed a petition for a writ of mandamus against the Department.   He contended, among other arguments, that the Department was unlawfully requiring him to register as a sex offender for his lifetime without a court order for lifetime registration.  He requested, among other relief, that the court compel the Department to remove him from the sex offender registry.  The circuit court denied Maldonado's petition.

¶5      The circuit court concluded that Maldonado's claim that he is not subject to lifetime registration was contrary to the sex-offender-registration statute as interpreted in an attorney general opinion.  The relevant statutory provision mandates lifetime registration when an offender "has, on 2 or more separate occasions, been convicted … for a sex offense."  *See* WIS. STAT. § 301.45(5)(b)1. (2021-22).[2]  The attorney general opinion determined that "separate occasions" includes multiple convictions imposed at the same time in the same case.  *See* Wis. Op. Att'y Gen. to Jon E. Litscher, Sec'y of the Wis. DOC, OAG-02-17 (Sept. 1, 2017).  The opinion relied on *State v. Wittrock*, 119 Wis. 2d 664, 350 N.W.2d 647 (1984), and *State v. Hopkins*, 168 Wis. 2d 802, 484 N.W.2d 549 (1992), in which our supreme court interpreted the term "separate occasions" in the repeater statute to include convictions imposed at the same time, *see **Wittrock***, 119 Wis. 2d at 665-66, 673-74, and offenses committed within the same course of conduct, *see **Hopkins***, 168 Wis. 2d at 805.

¶6      In *State v. Rector*, No. 2020AP1213-CR, this court certified Rector's appeal to the supreme court to address the issue of whether the arguably plain meaning of "separate occasions" in the sex-offender-registration statute conflicts

---

[2] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

with the our supreme court's interpretation of "separate occasions" in **Wittrock** and **Hopkins**. More specifically, this court certified the following question:

> [W]hether the plain meaning of "separate occasions" in the sex-offender-registration statute means that the two convictions must have occurred at *different* times in two separate *proceedings* so that the qualifying convictions occurred sometime before a defendant is convicted in the current case. Stated otherwise, can the qualifying convictions occur simultaneously, as they did in this case, and as **Wittrock** and **Hopkins** held?

**Rector**, No. 2020AP1213-CR, at 2. We placed Maldonado's appeal on hold pending a decision by our supreme court in **Rector**.[3]

¶7 The supreme court issued its decision in **Rector** on May 23, 2023. The court concluded that **Wittrock** and **Hopkins** do not control the interpretation of the sex-offender-registration statute. *See* **Rector**, 2023 WI 41, ¶25. The court held that "when a person is convicted based on charges filed in a single case during the same hearing, then those convictions have not occurred on 'separate occasions'" within the meaning of WIS. STAT. § 301.45(5)(b)1. *Id.*, ¶19. The court stated that "[c]onvictions that are filed in a single case and pronounced within the same hearing are not significantly 'set apart' or 'disunited,' and so are not 'separate occasions.'" *Id.*, ¶17.

## DISCUSSION

¶8 We now apply **Rector** in the context of Maldonado's petition for a writ of mandamus. "Mandamus is an extraordinary writ that may be used to compel a public officer to perform a duty that he or she is legally bound to perform." *State*

---

[3] At the time the Department filed its brief in Maldonado's appeal, the supreme court had accepted our certification in *State v. Rector*, No. 2020AP1213-CR, and the Department suggested that this court may wish to hold Maldonado's appeal for the supreme court's decision.

*ex rel. Greer v. Stahowiak*, 2005 WI App 219, ¶6, 287 Wis. 2d 795, 706 N.W.2d 161. "A writ of mandamus will issue only upon showing the following prerequisites: (1) a clear legal right; (2) a positive and plain duty; (3) substantial damages; and (4) the absence of any other adequate remedy at law." *Klein v. DOR*, 2020 WI App 56, ¶36, 394 Wis. 2d 66, 949 N.W.2d 608. "[T]he duty to act on the part of the government official must be 'clear and unequivocal.'" *Id.* (citation omitted).

¶9 Here, the parties dispute only the third requirement, namely, whether the Department had a positive and plain (*i.e.*, clear and unequivocal) duty not to require Maldonado to register for his lifetime. The Department does not contend that Maldonado is unable to satisfy the other three requirements for a writ of mandamus.

¶10 We agree with the Department that, prior to the supreme court's decision in *Rector*, the Department did not have a clear and unequivocal duty. However, we conclude that the *Rector* decision now clarifies that the Department may not require Maldonado to register for his lifetime based on his two convictions in Sauk County Circuit Court case No. 2002CF186, and that the Department would be violating a clear and unequivocal duty by continuing to do so. Maldonado's convictions in the Sauk County case fall squarely within *Rector*'s holding. There is no dispute that the convictions were in the same circuit court case and pronounced at the same time.[4]

---

[4] The record does not include a transcript of Maldonado's plea and sentencing hearing. However, it contains Maldonado's judgment of conviction, which reflects that the convictions were pronounced at the same time, as does the publicly available electronic circuit court docket in that case.

¶11 Having resolved the issue of lifetime registration in this case, we turn briefly to a separate issue: expungement. Based on the allegations in Maldonado's petition, the circuit court construed the petition as raising not only the issue of lifetime registration but also whether Maldonado's existing information in the registry should be expunged. The court concluded that Maldonado had not shown that he satisfied any of the limited statutory criteria for expungement. *See* WIS. STAT. § 301.45(7) (setting forth the criteria for expungement). On appeal, Maldonado likewise does not show that he satisfies any of those criteria. Accordingly, we do not reverse the part of the circuit court's order that denied Maldonado's request for expungement.

¶12 Maldonado appears to raise several other potential issues in this appeal. For example, he argues that his convictions should be vacated based on ineffective assistance of counsel. We decline to address those issues because each of them is deficient in one or more of the following respects: the issue lacks developed argument;[5] the issue was not raised in the circuit court and is thus forfeited;[6] or, the issue involves a request for relief that is not available in the context of a mandamus action against the Department.[7]

---

[5] "We need not address undeveloped arguments." *State v. Jacobsen*, 2014 WI App 13, ¶16, 352 Wis. 2d 409, 842 N.W.2d 365 (2013).

[6] "Generally, issues not raised or considered by the circuit court will not be considered for the first time on appeal." *State v. Wilson*, 2017 WI 63, ¶51 n.7, 376 Wis. 2d 92, 896 N.W.2d 682.

[7] "Mandamus is an extraordinary writ that may be used to compel a public officer to perform a duty that he or she is legally bound to perform." *State ex rel. Greer v. Stahowiak*, 2005 WI App 219, ¶6, 287 Wis. 2d 795, 706 N.W.2d 161.

## CONCLUSION

¶13     For the reasons stated above, we affirm the circuit court's order in part, and we reverse it in part.  We remand for the court to enter an order providing that the Department may not require Maldonado to register for his lifetime based on his two convictions in Sauk County Circuit Court case No. 2002CF186.

        *By the Court.*—Order affirmed in part; reversed in part and cause remanded with directions.

        This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5.