# COURT OF APPEALS
## DECISION
## DATED AND FILED

## March 5, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2022AP1308**

Cir. Ct. No. **2021CV6740**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

ROBERT CRONWELL,

  PETITIONER-RESPONDENT,

 V.

CITY OF GLENDALE,

  RESPONDENT-APPELLANT.

---

APPEAL from an order of the circuit court for Milwaukee County: CHRISTOPHER R. FOLEY, Judge. *Affirmed.*

Before White, C.J., Donald, P.J., and Colón, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. The City of Glendale appeals from an order of the circuit court granting summary judgment in favor of Robert Cronwell and ordering the City to produce an unredacted version of the application to sell alcohol beverages submitted by PrimeTime Events, LLC. On appeal, the City argues that the circuit court erroneously applied the balancing test to grant Cronwell access under the open records law to personal information of PrimeTime's managing member that the City redacted from the application. For the reasons set forth below, we affirm the circuit court's order.

## BACKGROUND

¶2 PrimeTime submitted an application for a license to sell alcohol beverages to the City through its managing member, Nicholas Marking. On April 9, 2021, Cronwell verbally requested to inspect PrimeTime's application, and the City provided Cronwell with a copy of the Original Alcohol Beverage Retail License Application and the Auxiliary Questionnaire – Alcohol Beverage License Application. However, the City redacted Marking's personal phone number, personal email address, and date of birth from the documents.

¶3 Cronwell subsequently made a written request for unredacted copies of the documents, as well as a copy of the Schedule for Appointment of Agent by Corporation/Nonprofit Organization or Limited Liability Company. The City provided a copy of the additional document, with the date of birth redacted. In an email dated April 13, 2021, the City explained the redactions saying, "As an open records request, we do not provide personally identifying information that can be employed for other purposes (such as procuring an absentee ballot in someone else's name)."

¶4	Cronwell filed a writ of mandamus in the circuit court on November 2, 2021. He alleged an "unlawful redaction of records" and requested an order compelling the City to disclose unredacted copies of the documents. He further alleged that WIS. STAT. § 125.04(3)(i)1. (2021-22),[1] granted "an absolute right of access" to applications for a license to sell alcohol beverages.

¶5	Both parties moved for summary judgment. The circuit court granted summary judgment in favor of Cronwell and ordered the City to provide unredacted copies of the requested documents. In a written decision, the circuit court found that the City's denial of Cronwell's request was sufficiently specific. However, the circuit court continued to find that, under the open records balancing test, the City was not justified in redacting Marking's personal phone number, personal email address, and date of birth. The City now appeals.

## DISCUSSION

¶6	Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2).

¶7	We review a decision granting summary judgment "independently of the circuit court, benefiting from its analysis." *Lambrecht v. Estate of Kaczmarczyk*, 2001 WI 25, ¶21, 241 Wis. 2d 804, 623 N.W.2d 751. We apply the same standard as the circuit court. *Id.* "Specifically, a court … examines the

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

pleadings to determine whether a claim for relief is stated and whether a genuine issue of material fact is presented." *Id.*

¶8    In this case, we review the circuit court's grant of summary judgment related to a writ of mandamus ordering the City to produce unredacted copies of an application for a license to sell alcohol beverages. *See* WIS. STAT. § 19.37(1)(a) (providing that "[t]he requester may bring an action for mandamus asking a court to order release of the record" if a record is withheld in whole or in part). "In order for a writ of mandamus to be issued, there must be a clear legal right, a positive and plain duty, substantial damages, and no other adequate remedy at law." *State ex rel. Greer v. Stahowiak*, 2005 WI App 219, ¶6, 287 Wis. 2d 795, 706 N.W.2d 161. We review the circuit court's decision to grant a writ of mandamus *de novo*. *Id.*, ¶7.

¶9    Initially, we observe that the City argues in its opening brief that the issue subject to review is limited to whether the circuit court properly applied the balancing test in granting summary judgment in favor of Cronwell. By contrast, Cronwell argues that this court can also review whether there is an unlimited right of access under WIS. STAT. § 125.04(3)(i)1., and Cronwell asks that this court forgo application of the balancing test and instead conclude that § 125.04(3)(i)1. provides an unlimited right of access to an application for a license to sell alcohol beverages.

¶10    In short, we decline to recognize the absolute right of access that Cronwell argues exists under WIS. STAT. § 125.04(3)(i)1. As Cronwell himself recognizes, such a recognition "would enunciate a new rule of law" and add

§ 125.04(3)(i)1. "to a short list of other statutes" that give the public an absolute right of access.[2]  Rather, we apply the balancing test under the open records law, and we conclude that under the balancing test, Cronwell is entitled to unredacted copies of the documents that he requested from the City.

¶11     Under the open records balancing test, "the custodian must … conduct a balancing test to 'weigh the competing interests involved and determine whether permitting inspection would result in harm to the public interest which outweighs the legislative policy recognizing the public interest in allowing inspection.'" *John K. MacIver Inst. for Pub. Policy, Inc. v. Erpenbach*, 2014 WI App 49, ¶13, 354 Wis. 2d 61, 848 N.W.2d 862 (citation omitted).  The party seeking nondisclosure bears the burden "to show that 'public interests favoring secrecy outweigh those favoring disclosure.'" *Id.*, ¶14 (citation omitted).  "Access is only to be denied 'in an exceptional case.'" *Id.* (quoting WIS. STAT. § 19.31).  Thus, "we begin with the strong presumption favoring release[.]" *Linzmeyer v. Forcey*, 2002 WI 84, ¶15, 254 Wis. 2d 306, 646 N.W.2d 811.

¶12     On appeal, the City contends that the circuit court misapplied the balancing test and held it to the "impossible" standard of showing that the stated harm "definitively" would result, and it argues that the public interest in disclosure does not outweigh the identity theft concerns with revealing personal contact information and a person's date of birth that the City has identified.  The City further identifies a possible chilling effect if it is required to disclose the personal

---

[2]  Indeed, the list is rather short and still primarily consists of WIS. STAT. § 346.70(4)(f) and WIS. STAT. § 59.20(3)(a).  *See State ex rel. Young v. Shaw*, 165 Wis. 2d 276, 282, 477 N.W.2d 340 (Ct. App. 1991); *State ex rel. Journal Co. v. County Ct. for Racine Cnty.*, 43 Wis. 2d 297, 308, 168 N.W.2d 836 (1969).

contact information and date of birth that were redacted from the documents. We reject the City's arguments.

¶13    First, this court has previously rejected the notion that "the *possibility* of threats, harassment, or reprisals alone" is sufficient to overcome the strong public interest in disclosure, and we stated that "we cannot accord significant weight to this consideration due to [the] failure to establish a reasonable probability of any such harm." *John K. MacIver*, 354 Wis. 2d 61, ¶26. Thus, while we recognize that the City has "correctly assert[ed] … a legitimate consideration for a custodian" in thwarting identify theft, such a consideration is nevertheless insufficient to overcome the strong public interest in disclosure when the City has shown only the possibility of identity theft. *See id.*

¶14    Second, our case law makes clear that an argument asserting a "chilling effect" has been repeatedly raised and rejected as insufficient to overcome the strong public interest in disclosure. *See, e.g.*, *id.*, ¶27; *Gierl v. Mequon-Thiensville Sch. Dist.*, 2023 WI App 5, ¶¶10-11, 405 Wis. 2d 757, 985 N.W.2d 116. Therefore, we similarly reject the City's attempt in this case to assert a possible chilling effect related to applications for a license to sell alcohol beverages as a justification for redacting the information sought here.

¶15    In reaching our conclusion that Cronwell is entitled to unredacted versions of the documents, we observe that the documents sought in this case pertain to the application for a license to sell "fermented" beverages and "intoxicating" liquors. *See* WIS. STAT. § 125.02(1). Wisconsin generally recognizes "a strong public-policy interest favoring the inspection of public records," and we consider this interest "particularly significant" where a license to

sell alcohol beverages is concerned. *See Newspapers, Inc. v. Breier*, 89 Wis. 2d 417, 435-36, 279 N.W.2d 179 (1979).

¶16    Moreover, we note that PrimeTime and Marking as its appointed agent chose to engage the City and submit an application for a license to sell alcohol beverages.  By so doing, we consider that PrimeTime and Marking consented to a certain level of inspection by the public by virtue of its own choice to sell alcohol beverages. *See Linzmeyer*, 254 Wis. 2d 306, ¶¶28-29 (considering it significant that "Linzmeyer is in the public eye" and "Linzmeyer's position is one where the public should be able to expect some increased accountability").  As is evident from WIS. STAT. ch. 125, there are several requirements the legislature sought fit to impose on an applicant that seeks to sell alcohol beverages, including a licensing requirement to ensure that the applicant—or its agent when relevant— has attained the legal drinking age, does not have an arrest or conviction record, and has overall demonstrated a certain fitness to sell alcohol beverages. *See* WIS. STAT. § 125.04(3)(a), (5), (6).

¶17    As a result of the nature of this case, we consider the public's oversight of this governmental function in reviewing and issuing a license to sell alcohol beverages crucial and, in turn, we consider the public to have a unique interest in knowing the details of the applicants for a license to sell alcohol beverages that would allow the public to ensure that the application meets the requirements of WIS. STAT. § 125.04.  It would, therefore, take more than the mere possibility of identity theft and the mere possibility of a chilling effect to outweigh

the public's interest in knowing the details of the applications to sell alcohol beverages submitted to the government.[3]

## CONCLUSION

¶18   Accordingly, we affirm the circuit court's order granting summary judgment in favor of Cronwell and ordering the City to produce unredacted copies of the application for a license to sell alcohol beverages submitted by PrimeTime.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[3] In so concluding, we further observe that the City provided a sufficiently specific reason for its redactions, and we do not address the sufficiency of the reason further. *Cf. **Beckon v. Emery***, 36 Wis. 2d 510, 518, 153 N.W.2d 501 (1967) (addressing a situation where "no reason was given").