COURT OF APPEALS
DECISION
DATED AND FILED

March 7, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2023AP1383**

STATE OF WISCONSIN

Cir. Ct. No.  2023CV140

IN COURT OF APPEALS
DISTRICT IV

---

LEROY K. KUHNKE,

   PETITIONER-APPELLANT,

 V.

WAUPACA COUNTY SHERIFF'S DEPARTMENT,

   RESPONDENT-RESPONDENT.

---

APPEAL from an order of the circuit court for Waupaca County: VICKI L. CLUSSMAN, Judge. *Affirmed*.

Before Kloppenburg, P.J., Blanchard, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. This is a public records case in which Leroy K. Kuhnke, appearing pro se, appeals a circuit court order dismissing his petition for a writ of mandamus to compel the Waupaca County Sheriff's Office to disclose records relating to an ongoing investigation in which Kuhnke was at some time in the past a suspect.[1]  We conclude that the court properly dismissed the petition because Kuhnke does not have a clear legal right to the requested records.

## BACKGROUND

¶2 In 1996, Kuhnke was convicted after a jury trial of first-degree intentional homicide for a murder that occurred in 1995, and he is currently serving the sentence imposed for that crime in a state correctional institution.[2]

¶3 On March 20, 2023, Kuhnke requested, pursuant to Wisconsin's public records law, that the Waupaca County Sheriff's Office disclose the following records:

---

[1] Wisconsin's public records law is set forth in WIS. STAT. §§ 19.31 through 19.39 (2021-22).  Although the parties at times refer to this statute as the "open records law," we follow our supreme court and the statutory language in using the term "'public records law' in order to avoid confusion with the open meetings law." *Journal Times v. Police & Fire Comm'rs Bd.*, 2015 WI 56, ¶2 n.4, 362 Wis. 2d 577, 866 N.W.2d 563.

All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] Wisconsin's CCAP (Consolidated Court Automation Programs) is a case management system provided by the Wisconsin Circuit Court Access program, which "provides public access online to reports of activity in Wisconsin circuit courts." *State v. Bonds*, 2006 WI 83, ¶6, 292 Wis. 2d 344, 717 N.W.2d 133.  Because Kuhnke's conviction and resulting incarceration in a prior case are not in the appellate record for this case, we take judicial notice of the CCAP records showing the conviction and resulting incarceration, about which there is no dispute by the parties in this appeal.  *See* WIS. STAT. § 902.01; *see also State v. Aderemi*, 2023 WI App 8, ¶7 n.3, 406 Wis. 2d 132, 986 N.W.2d 306 (we may take judicial notice of CCAP records); *Kirk v. Credit Acceptance Corp.*, 2013 WI App 32, ¶5 n.1, 346 Wis. 2d 635, 829 N.W.2d 522 (taking judicial notice of CCAP records where the details regarding an action were not in the record).

All documents related to the investigation into the murders of [two named persons] in March of 1992, including, but not limited to: all memos, notes, emails, photos, test results, witness statements, suspect interviews, recordings, transcripts of recordings, suspect profiles, etc., etc.

¶4 Kuhnke also asserted the following in his submission:

For informational purposes, the requestor was deemed a prime suspect by Sheriff's Department investigators at the onset of the case, scrutinized over the years for the crime, was again the prime suspect in 2020 as revealed to him by Detectives Artz and Cameron, and because the documents requested relate to the requestor, the demand is proper despite the requestor being incarcerated.

¶5 On March 24, 2023, the Sheriff's Office denied Kuhnke's records request because "[d]isclosure would interfere with an ongoing prosecution as this is still an open case with the Waupaca County District Attorney's Office."

¶6 Kuhnke petitioned the circuit court for a writ of mandamus requiring the Sheriff's Office to "release all documents responsive to [Kuhnke's] Request or giv[e] adequate reason for the refusal to do so." The court dismissed the petition on the ground that the "[r]ecords requested relate to an ongoing case."

¶7 This appeal follows.

## DISCUSSION

¶8 Mandamus is an extraordinary writ that may be used to compel a public officer to perform a duty that the officer is bound by law to perform. *Karow v. Milwaukee Cnty. Civil Serv. Comm'n*, 82 Wis. 2d 565, 568 n.2, 263 N.W.2d 214 (1978). In order for a writ of mandamus to be issued, there must be: "(1) a clear legal right; (2) a positive and plain duty; (3) substantial damages; and

(4) no other adequate remedy at law." ***Pasko v. City of Milwaukee***, 2002 WI 33, ¶24, 252 Wis. 2d 1, 643 N.W.2d 72.

¶9      More specifically, a petition for a writ of mandamus is "the proper means to challenge a governmental agency's failure to comply with the requirements of Wisconsin's [public] records law." ***State ex rel. Greer v. Stahowiak***, 2005 WI App 219, ¶7, 287 Wis. 2d 795, 706 N.W.2d 161.  When a circuit court, deciding a petition for a writ of mandamus, has interpreted Wisconsin's public records law and has applied that law to undisputed facts, we review the court's decision de novo.  ***State ex rel. Milwaukee Police Ass'n v. Jones***, 2000 WI App 146, ¶11, 237 Wis. 2d 840, 615 N.W.2d 190; ***Hempel v. City of Baraboo***, 2005 WI 120, ¶21, 284 Wis. 2d 162, 699 N.W.2d 551 (the application of the public records law to undisputed facts is a question of law that we review de novo).

¶10     As stated, WIS. STAT. §§ 19.31 through 19.39 set forth Wisconsin's public records law.  *See* §§ 19.31-.39.  "The [public] records law serves one of the basic tenets of our democratic system by providing an opportunity for public oversight of the workings of government." ***Nichols v. Bennett***, 199 Wis. 2d 268, 273, 544 N.W.2d 428 (1996).  "This state recognizes a presumption of accessibility to public records, reflected in both the statutes and in our case law." ***Id.***  However, "the presumption of access does not create an absolute right of access" and "[a]ccess to records may be denied where there is a specific statutory exemption to disclosure." ***Watton v. Hegerty***, 2008 WI 74, ¶10, 311 Wis. 2d 52, 751 N.W.2d 369; *see also* ***Democratic Party of Wis. v. DOJ***, 2016 WI 100, ¶10, 372 Wis. 2d 460, 888 N.W.2d 584 ("Wisconsin law recognizes three types of exceptions to this general policy of open access:  (1) statutory exceptions; (2) common law exceptions; and (3) public policy exceptions.").

4

¶11     WISCONSIN STAT. § 19.32(3) defines who may request records under the public records law as follows:

> "Requester" means any person who requests inspection or copies of a record, except a committed or incarcerated person,[3] unless the person requests inspection or copies of a record that contains specific references to that person or his or her minor children for whom he or she has not been denied physical placement under ch. 767, and the record is otherwise accessible to the person by law.

Thus here, as an incarcerated person, Kuhnke was limited to requests for records that contain "specific references" to him.[4]   Sec. 19.32(3).   For that reason, we analyze his request under WIS. STAT. § 19.35(1)(am).   *See Greer*, 287 Wis. 2d 795, ¶9 (explaining that because the requester "is incarcerated … we analyze his request under WIS. STAT. § 19.35(1)(am)").[5]

¶12     Following *Greer*, we turn to WIS. STAT. § 19.35(1)(am).   Under that statute, a person "has a right to inspect any personally identifiable information

---

[3] WISCONSIN STAT. § 19.32(1c) defines "incarcerated person" as "a person who is incarcerated in a penal facility …."   There is no dispute that Kuhnke had this status at all relevant times.

[4] Kuhnke does not argue that his request involved records referencing children of his.

[5] We observe that the limiting phrase "specific references to [the requester]" when the requester is an incarcerated person, in the definition of a "requester" in WIS. STAT. § 19.32(3), is not on its face identical to the "more unqualified" phrase "record containing personally identifiable information" in the access to records provision in WIS. STAT. § 19.35(1)(am).   *See Hempel v. City of Baraboo*, 2005 WI 120, ¶¶32, 34, 284 Wis. 2d 162, 699 N.W.2d 551 (referring to a requester's right under § 19.35(1)(am) to inspect records that contain "personally identifiable information pertaining" to the requester as "a more unqualified right" and "a more potent right of access when it applies").   However, this court in *State ex rel. Greer v. Stahowiak*, 2005 WI App 219, ¶9, 287 Wis. 2d 795, 706 N.W.2d 161, stated that an inmate's request must be examined under § 19.35(1)(am) and we are obligated to follow that ruling.   *See Cook v. Cook*, 208 Wis. 2d 166, 190, 560 N.W.2d 246 (1997) (concluding "that the court of appeals may not overrule, modify or withdraw language from a previously published decision of the court of appeals").

pertaining to the individual in a record containing personally identifiable information" unless the exceptions stated in the statute apply. WIS. STAT. § 19.35(1)(am). When a person makes a request under § 19.35(1)(am), "the person is entitled to inspect the records unless the surrounding factual circumstances reasonably fall within one or more of the statutory exceptions" set forth in § 19.35(1)(am). *Hempel*, 284 Wis. 2d 162, ¶27.

¶13 The following statutory exception to disclosure applies to the facts here:

> Any record containing personally identifiable information that is collected or maintained in connection with a complaint, investigation or other circumstances that may lead to an enforcement action, administrative proceeding, arbitration proceeding or court proceeding, or any such record that is collected or maintained in connection with such an action or proceeding.

WIS. STAT. § 19.35(1)(am)1.

¶14 In this case, Kuhnke asserts that he was the subject of an investigation of two 1992 homicides. Kuhnke further asserts that DNA evidence and statements against self-interest caused another person to be arrested and charged in relation to those homicides. Kuhnke contends that if he obtains the requested records they will reveal misconduct and mistreatment that will enable him "to attack" the criminal conviction on which he is incarcerated and to pursue "a cause of action" separate from his criminal case.

¶15 The Sheriff's Office denied Kuhnke's request for records pertaining to him that were maintained in connection with the investigation of the 1992 homicides because those records are part of "an ongoing prosecution" of "an open case with the Waupaca County District Attorney's Office." Thus, the records

Kuhnke requested fall squarely within the exception in Wɪs. Sᴛᴀᴛ. § 19.35(1)(am)1. and the Sheriff's Office properly denied the records request under § 19.35(1)(am)1. Accordingly, we conclude that Wɪs. Sᴛᴀᴛ. § 19.35(1)(am) does not provide Kuhnke with a clear legal right to the requested records and, therefore, he is not entitled to mandamus relief.

¶16 Kuhnke does not argue that the records he requested are not connected to an open complaint and investigation. Rather, he argues that the Sheriff's Office erroneously denied his request, and that the circuit court erroneously dismissed his petition, for numerous other reasons. We address his arguments as best we understand them. To the extent that Kuhnke may intend to make other arguments that we do not directly address, we reject them on the grounds that they are inadequately briefed and lack discernable potential merit.

¶17 Kuhnke argues that the Sheriff's Office "merely recite[d] a blanket reason" for declining to disclose the records he requested and that the office did "not give a sufficient reason why documents pertaining to Mr. Kuhnke could not be released to him, when it is [another person] who was the suspect being prosecuted, not Mr. Kuhnke." However, the statute does not limit the exception to open complaints or investigations focused on requesters. Our supreme court has explained that exceptions to Wɪs. Sᴛᴀᴛ. § 19.35(1)(am) "should not be narrowly construed." *Hempel*, 284 Wis. 2d 162, ¶56. Thus, we do not read § 19.35(1)(am)1. to mean that disclosure is barred only when there is an open complaint or investigation focusing on the requester, but rather when there is any open complaint or investigation of the type described in § 19.35(1)(am)1. Kuhnke

fails to show that the Sheriff's Office acted contrary to § 19.35(1)(am)1. in denying his records request.[6]

¶18    Kuhnke also argues that the Sheriff's Office deprived him of his First and Fourteenth Amendment rights by withholding records responsive to his request.  However, Kuhnke relies on conclusory assertions and does not develop a coherent argument or cite case law demonstrating a First Amendment or Fourteenth Amendment right to access the requested records or mandating under the First Amendment or Fourteenth Amendment the disclosure of the requested records.  Accordingly, we do not consider this argument further.  *See Wisconsin Conf. Bd. of Trs. of the United Methodist Church, Inc. v. Culver*, 2001 WI 55, ¶38, 243 Wis. 2d 394, 627 N.W.2d 469 (stating that we do not address arguments that are conclusory and insufficiently developed).

¶19    Similarly, Kuhnke argues that the circuit court "failed to ensure that Strict Scrutiny was applied" to its review of the Sheriff's Office's denial of his request and, as a result, restricted his "access to facts necessary for producing post-conviction relief pleadings."  But none of the cases he cites support the proposition that the circuit court was required to apply strict scrutiny in its review

---

[6] We express no opinion as to what might happen should Kuhnke resubmit his request when the investigation at issue is in a closed status. *See Linzmeyer v. Forcey*, 2002 WI 84, ¶17, 254 Wis. 2d 306, 646 N.W.2d 811 (concluding that WIS. STAT. § 19.35(1)(am)1. does not apply "where the investigation has been closed and where it has been confirmed that there is no chance that the [records requested] will lead to an enforcement action").

of Kuhnke's petition.[7] To the extent that Kuhnke is arguing that WIS. STAT. § 19.35(1)(am)1. is inconsistent with constitutional principles, Kuhnke does not develop this argument and we do not address it further. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (appellate courts need not address undeveloped arguments).

¶20    Kuhnke also argues that the Sheriff's Office's denial of his request is a "bald and blanket assertion[] of an exemption" and is "not legally sufficient." This court has explained that when a custodian denies a request for public records, "[t]he duty of the custodian is to specify reasons for nondisclosure and the court's role is to decide whether the reasons asserted [for nondisclosure] are sufficient." *Newspapers, Inc. v. Breier*, 89 Wis. 2d 417, 427, 279 N.W.2d 179 (1979). Although the Sheriff's Office did not expressly invoke the exception under WIS. STAT. § 19.35(1)(am)1., its response referring to "an ongoing prosecution" and "open case" was adequate to identify an applicable exception. *See* § 19.35(1)(am)1. Thus, the Sheriff's Office gave a legally sufficient reason for nondisclosure.

¶21    Kuhnke also argues that the Sheriff's Office did not engage in the requisite public policy balancing test. However, a custodian need not engage in

---

[7] *See, e.g.*, *ACLU of Illinois v. Alvarez*, 679 F.3d 583, 586-87 (7th Cir. 2012) (concluding that a statute prohibiting individuals from making audio recordings of police officers performing their duties in public triggered heightened First Amendment scrutiny); *Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2225-27 (2015) (explaining that a First Amendment challenge against a municipal code prohibiting the display of outdoor signs without a permit was subject to strict scrutiny); *Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009) (concluding that a "single retaliatory disciplinary charge that is later dismissed" is de minimis because it would not "deter a person of ordinary firmness from exercising First Amendment activity in the future"); *State ex rel. Strykowski v. Wilkie*, 81 Wis. 2d 491, 507, 261 N.W.2d 434 (1978) (addressing an equal protection challenge to Wisconsin's health care liability and patient compensation laws and concluding that the strict scrutiny standard does not apply).

the public policy balancing test when, as here, a statutory exception to disclosure applies. *See Democratic Party of Wis.*, 372 Wis. 2d 460, ¶11 ("If a statutory ... exception applies, the analysis ends [without the custodian engaging in the public policy balancing test] and the records will not be disclosed.").

¶22    Finally, Kuhnke argues that the circuit court acted contrary to established law when it dismissed the petition for a writ of mandamus. Specifically, Kuhnke argues that the circuit court could not have made a factual determination concerning disclosure versus nondisclosure of the records, citing *Journal/Sentinel, Inc. v. Aagerup*, 145 Wis. 2d 818, 429 N.W.2d 772 (Ct. App. 1988), and did not perform the requisite public policy balancing test. We understand Kuhnke to be arguing that the circuit court improperly dismissed the petition for a writ of mandamus without an in camera inspection.[8]    However, "[t]here are cases where an in camera inspection is not necessary." *George v. Knick*, 188 Wis. 2d 594, 601, 525 N.W.2d 143 (Ct. App. 1994). "If a document necessarily falls within a statutory … exception to the [public] records law, there is no need for an in camera inspection." *Id.* at 599. That is the case here. As explained, the records Kuhnke requested fall squarely within the exception in WIS. STAT. § 19.35(1)(am)1. Nor, as also explained, was the circuit court required to engage in the balancing of the public's interest in non-disclosure against the

---

[8] Kuhnke cites *George v. Knick*, 188 Wis. 2d 594, 525 N.W.2d 143 (Ct. App. 1994), to support his argument that the court should have conducted an in camera review of the requested documents "to determine if they reference [the] requester or not." There, this court concluded that an in camera inspection was required. *Id.* at 601. However the custodian had denied the records request under WIS. STAT. § 19.35(1)(am)2. which excepts disclosure if it would endanger life or safety. *Id.* at 599. The records requested were not related to an ongoing investigation. *Id.* Thus, this case does not support the proposition that an in camera inspection was required here.

Kuhnke also improperly cites an unpublished per curiam court of appeals opinion from before 2009, contrary to WIS. STAT. RULE 809.23(3)(b).

public's interest in disclosure. *See Democratic Party of Wis.*, 372 Wis. 2d 460, ¶11.

¶23 In sum, we conclude that Kuhnke fails to show that he has a clear legal right to the records that he requested.[9]

## CONCLUSION

¶24 For the reasons stated, we conclude that Kuhnke has no clear legal right to the records he requested and, therefore, the circuit court properly dismissed his petition for a writ of mandamus. Accordingly, we affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE § 809.23(1)(b)5.

---

[9] Because all four elements of a writ of mandamus must be established, we need not address the remaining elements. *See Hearst-Argyle Stations, Inc. v. Board of Zoning Appeals of City of Milwaukee*, 2003 WI App 48, ¶14, 260 Wis. 2d 494, 659 N.W.2d 424 (petition for writ of mandamus must prove each of four criteria).

Because we conclude that Kuhnke's request was properly denied under the statutory exception in WIS. STAT. § 19.35(1)(am)1., we do not address the parties' dispute as to whether Kuhnke's records request was "sufficient" under § 19.35(1)(h) (providing that "a request for a record without a reasonable limitation as to subject matter or length of time represented by the record does not constitute a sufficient request"). *See Hempel v. City of Baraboo*, 284 Wis. 2d 162, ¶34 n.9 (stating that requests pursuant to WIS. STAT. § 19.35(1)(am) are subject to § 19.35(1)(h) and other subsections of § 19.35(1) not at issue here); *see also State v. Castillo*, 213 Wis. 2d 488, 492, 570 N.W.2d 44 (1997) (appellate courts need not address non-dispositive issues).